United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRETT DAFFIN FRAPPIER TEDER & WEISS, LLP,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STEPHANIE J. CHU, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-08739-DMR<br><br>**ORDER DENYING MOTION FOR SERVICE BY PUBLICATION**<br><br>Re: Dkt. No. 15 |

Plaintiff Barrett Daffin Frappier Teder & Weiss, LLP moves for service by publication of the summons in this interpleader action. [Docket No. 15.] This motion is suitable for determination without oral argument. Civ. L.R. 7-1(b). For the reasons stated below, the motion is denied without prejudice.

**I.    BACKGROUND**

On September 27, 2021 Plaintiff initiated this interpleader matter in San Mateo County Superior Court to distribute surplus funds totaling $364,677.64 from a non-judicial foreclosure sale of real property located in Foster City, California. [Docket No. 1-1.] Plaintiff is the current trustee named in the deed of trust connected with the property at issue. *Id.* ¶ 8. Defendants are Stephanie Chu, the former property owner; Ray Yeganeh, a resident of Oakland who allegedly claims an interest in the property, and the federal Internal Revenue Service, which allegedly claims an interest in the surplus funds based upon a federal tax lien assessed against Chu. *Id.* ¶¶ 11-13. Plaintiff alleges that it is unable to determine the priority and/or validity of Defendants' potential claims to the surplus funds. *Id.* ¶ 20.

On November 10, 2021, the United States on behalf of Defendant Internal Revenue

Service removed the matter to this court pursuant to 28 U.S.C. § 1442(a), which authorizes removal of civil actions against the United States related to the collection of review and claims involving federal tax liens, and 28 U.S.C. § 1444, which authorizes removal of civil actions affecting property on which the United States has a lien. [Docket No. 1 at ¶¶ 5-7.] The government filed an answer on November 17, 2021. [Docket No. 6.]

On January 14, 2022, Plaintiff filed certificates of service stating that it served the notice of removal and related papers via U.S. mail on Chu and Yeganeh on January 7 and 13, 2022 respectively. [Docket Nos. 8, 9.] Subsequently, Plaintiff certified that it accomplished service on Yeganeh by email through Yeganeh's counsel on May 2, 2022. [Docket No. 20.] Yeganeh has now appeared in this case and filed an answer. [Docket No. 21.][1] Chu has not yet appeared.

On May 9, 2022, Plaintiff filed this motion for service of the summons on Chu by publication with an accompanying declaration from its counsel Alexander J. Lauvray that purports to fill in factual gaps relating to service. [Docket No. 15 ("Mot."); 15-1 ("Lauvray Decl.")] Lauvray represents that Plaintiff has attempted service on Chu "at multiple locations as determined from multiple sources, including past correspondence, bankruptcy records, her written claim to the surplus proceeds, her California Driver's license, a Lexis-Nexis Accurint Search, California Department of Real Estate Licensee Search Records, a private investigator's report, and a United States Postal Service information request." Lauvray Decl. ¶ 6 (internal exhibit citations omitted). Lauvray's declaration attaches eleven exhibits that appear to include public records reports, a private investigators' report, process server receipts, and an email.[2] *See* Lauvray Decl. Exs. 1-11. Lauvray also briefly summarizes in a table Plaintiff's different service attempts at five addresses in California and Utah. *Id.* ¶¶ 7-8. Lauvray avers that Chu has "completely ceased all communications" with Plaintiff. *Id.* ¶ 9. Because Chu "appears to be evading service," Plaintiff

---

[1] Plaintiff, the United States, and Yeganeh have all consented to jurisdiction before a magistrate judge pursuant to 28 U.S.C. § 636(c). [Docket Nos. 4, 7, 25.]

[2] Contrary to Lauvray's representation, Exhibit 10 does not appear to be a process service receipt but a second change of address request to the postal service. *Compare* Lauvray Decl. ¶ 8 *with* Lauvray Decl. Ex. 10.

2

now seeks to serve Chu by publication in the *Daily Journal*. Mot. at 2; Lauvray Decl. ¶ 10.

## II. LEGAL STANDARD

California law allows for service of a summons by publication only "if upon affidavit it appears to the satisfaction of the court . . . that the party to be served cannot with reasonable diligence be served in another manner" of service, and "[a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." Cal. Civ. Proc. Code § 415.50(a)(1). Service by publication is a "high standard." *Olvera v. Olvera*, 232 Cal. App. 3d 32, 43 (1991). "Because of due process concerns, service by publication must be allowed 'only as a last resort.'" *Duarte v. Freeland*, No. 05-cv-2780-EMC, 2008 WL 683427, at *1 (N.D. Cal. Mar. 7, 2008) (quoting *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995)). The "reasonable diligence" requirement of section 415.50 "denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Watts*, 10 Cal. 4th at 749 n.5 (citation omitted); *see Kott v. Super. Ct.*, 45 Cal. App. 4th 1126, 1137-38 (1996). "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." *Watts*, 10 Cal. 4th at 749 n.5. "If a defendant's address is ascertainable, a method of service superior to publication must be employed," such as mail or substitute service. *Id.*; *see* Cal. Civ. Proc. Code § 415.10-.40.

A motion for service by publication must also be accompanied by an affidavit providing independent evidentiary support for the existence of a cause of action against the absent defendant. *See* Cal. Civ. Proc. Code § 415.50(a)(1); *Hernandez v. Srija, Inc.*, No. 19-1813-LB, 2019 WL 4417589, at *2 (N.D. Cal. Sept. 16, 2019); *Cummings v. Brantley Hale*, No. 15-cv-4723-JCS, 2016 WL 4762208, at *2 (N.D. Cal. Sept. 13, 2016)). "Under California law, service by publication is neither appropriate nor valid without such an affidavit." *Cummings*, 2016 WL 4762208, at *3.

## III. DISCUSSION

Lauvray's declaration indicates that Plaintiff has taken various steps to serve Chu. However, Plaintiff's papers do not satisfy the exacting standard to permit service by publication,

1 given that it is unlikely that this method of service will adequately provide Chu with notice of
2 these proceedings. For example, Plaintiff does not explain how it identified the various addresses
3 where it attempted to serve the summons and why Chu was likely to be found at those addresses.
4 One of those addresses, where Plaintiff attempted service at least twice, is the Property's address
5 in Foster City. Plaintiff does not explain why service at that address would likely result in
6 adequate service on Chu given that Chu is a *former* owner of the Property. [*See* Docket No. 1-1 at
7 ¶ 3.] Plaintiff mentions four other addresses at which it made one failed service attempt each, but
8 nothing shows that it followed up at those addresses or requested forwarding addresses from the
9 postal service at any of those addresses.[3] Also, Plaintiff's motion does not address any case law
10 on service by publication, and its counsel declaration simply attaches a number of records without
11 authenticating each one or explaining each record's significance.

12 Accordingly, Plaintiff's current showing does not demonstrate the systematic, thorough
13 investigation required to justify the use of this "last resort" method. If Plaintiff wishes to serve
14 Chu by publication, it may file a renewed motion that includes proper legal authority and shows
15 why its attempts meet the high standard to permit such service. Instead of simply listing different
16 service addresses in table format, Plaintiff must systematically explain in its affidavit—with
17 specific citations to the supporting exhibits—how it identified a particular address, why that
18 address was likely to locate Chu, why service at that address failed, and any follow-up it
19 performed at that address. Plaintiff must also explain in its affidavit the other steps it took to
20 investigate Chu's location with citations to the individual exhibits. Finally, Plaintiff's papers must
21 provide independent evidentiary support for the existence of a cause of action against Chu and
22 explain why publication in the *Daily Journal* would give Chu actual notice of this lawsuit. Cal.
23 Civ. Proc. Code § 415.50(b)-(c); *see* Cal. Gov't Code § 6064; *Olvera*, 232 Cal. App. 3d at 42-43.

24 **IV.  CONCLUSION**
25 For the foregoing reasons, the motion is denied without prejudice. Plaintiff shall file a

---

[3] Plaintiff also does not explain the post office box address mentioned solely in the change of address forms attached to the Lauvray Declaration. *See* Lauvray Decl. Exs. 4, 10.

4

renewed motion or a status report by August 17, 2022.

**IT IS SO ORDERED.**

Dated: July 18, 2022

_____
Donna M. Ryu
United States Magistrate Judge