UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRETT DAFFIN FRAPPIER TEDER & WEISS, LLP,<br><br>Plaintiff,<br><br>v.<br><br>STEPHANIE J. CHU, et al.,<br><br>Defendants. | Case No. 21-cv-08739-RS<br><br>**ORDER GRANTING MOTION FOR STATUTORY DISCHARGE AND MOTION TO DEPOSIT FUNDS, AND DENYING MOTION FOR ATTORNEY FEES** |

Barrett Daffin Frappier Teder & Weiss, LLP ("Barrett Daffin") filed this interpleader action in the Superior Court for the County of San Mateo to resolve competing claims to the surplus funds resulting from a non-judicial foreclosure sale of real property in Foster City, California. The United States, named as a Defendant based on the existence of a federal tax lien against the property, removed the case to federal court. *See* Dkt. 1. Barrett Daffin has filed three motions: first, it moves to deposit the disputed funds; second, it seeks statutory discharge; and third, it moves for attorney fees and costs stemming from its role as trustee in overseeing the foreclosure sale and initiating the instant suit. These motions are suitable for disposition without oral argument, and the motion hearing set for March 9, 2023, is vacated. *See* Civ. L.R. 7-1(b).

The motion for statutory discharge and the motion to deposit funds are both unopposed. Good cause existing, both motions are granted. However, the motion for attorney fees and costs must be denied. Barrett Daffin argues that, under California law, it is entitled to recover attorney fees and costs from the surplus funds before distribution to any junior lienholders — here, the

United States, based on the federal tax lien against the property, *see* Dkt. 5; and Defendant Ray Yeganeh, as a judgment creditor, *see* Dkt. 21. The United States, in opposition, contends that federal law grants statutory priority to the government's tax lien, meaning that "an awards of costs to an interpleader plaintiff ahead of the federal tax lien would 'violate[] the statutory tax lien priority.'" Dkt. 49, at 4 (alteration in original) (quoting *Abex Corp. v. Ski's Enterprises, Inc.*, 748 F.2d 513, 516 (9th Cir. 1984)).

As a general matter, "there is considerable confusion whether a federal court is bound by state law concerning the propriety of awarding the stakeholder attorney's fees out of the fund." 4 WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 1719 (3d ed.), Westlaw (database updated Apr. 2022). At the same time, federal courts typically have broad discretion to award attorney fees in interpleader cases. *See id.* However, there is "[b]road consensus from case law establishes the federal tax lien exception to the rule that federal courts have the discretion to award attorney's fees to disinterested interpleader stakeholders." *Island Title Corp. v. Bundy*, 488 F. Supp. 2d 1084, 1095 (D. Haw. 2007). The Ninth Circuit, along with several other federal Courts of Appeals, have recognized that the federal tax statutes "establish a clear priority to interpleader funds in favor of the government." *Abex*, 748 F.2d at 517; *see also Millers Mut. Ins. Ass'n of Ill. v. Wassall*, 738 F.2d 302, 303–04 (8th Cir. 1984); *Katsaris v. United States*, 684 F.2d 758, 763 (11th Cir. 1982) ("[T]he judicial prerogative to award fees must give way to the supremacy of the federal tax lien law whenever a fee award would encroach upon the fund subject to the tax lien."). These decisions, in turn, are rooted in Supreme Court precedent. *See United States v. R.F. Ball. Constr. Co.*, 355 U.S. 587 (1958); *United States v. Liverpool & London & Globe Ins. Co.*, 348 U.S. 215 (1955).

The federal tax lien exception has been applied to bar recovery of attorney fees and costs in circumstances functionally identical to the immediate case. In *Island Title Corp. v. Bundy*, for instance, an escrow company filed an interpleader action following a non-judicial foreclosure sale of real property, and then sought attorney fees. The District of Hawaii agreed with the United States that the federal tax lien exception limited the court's discretion to award attorney fees, given

1  that it would "diminish a distribution of the fund to satisfy a federal tax lien." 488 F. Supp. 2d at

2  1094. Likewise, in *South Adams Savings Bank v. Martel*, 540 F. Supp. 2d 265 (D. Mass. 2008),

3  the district court concluded it had "little choice but to agree" with the teachings of the Supreme

4  Court and the Courts of Appeals as to the effect of the federal tax lien exception. *Id.* at 271. It thus

5  held that a bank could not recover attorney fees from an interpleaded fund created following a

6  foreclosure sale, to the extent doing so would "imping[e] on the federal tax liens." *Id.*; *see also*

7  *Byers v. Sheets*, 643 F. Supp. 695, 697–98 (W.D. Mo. 1986).

8        This well-established principle thus bars exactly what Barrett Daffin seeks to do here:

9  receive an award of attorney fees and costs from interpleaded funds subject to a federal tax lien.

10 The motion must therefore be denied. However, the United States suggests merely that the motion

11 is premature, as Barrett Daffin could seek to recover attorney fees from the portion of the fund

12 owing to Mr. Yeganeh if his claim is found to be senior to that of the United States. This approach

13 is endorsed in both *Bundy* and *Martel*. *See Bundy*, 488 F. Supp. 2d at 1094 (citing *United States v.*

14 *Chapman*, 281 F.2d 862, 871 (10th Cir. 1960), for the proposition that claimants superior to the

15 United States could be "charged a pro rata share of the interpleader stakeholder's attorney's fees

16 and costs"); *Martel*, 540 F. Supp. 2d at 272 (similar). Thus, the motion for attorney fees is denied,

17 without prejudice to Barrett Daffin renewing the motion should Mr. Yeganeh be determined to

18 hold a superior claim to the United States.

20 **IT IS SO ORDERED**.

22 Dated: March 3, 2023

                                                    RICHARD SEEBORG
                                                    Chief United States District Judge