UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRETT DAFFIN FRAPPIER TEDER & WEISS, LLP,<br><br>Plaintiff,<br><br>v.<br><br>STEPHANIE J. CHU, et al.,<br><br>Defendants. | Case No. 21-cv-08739-RS<br><br>**ORDER ON MOTION FOR ATTORNEY FEES AND COSTS** |

Barrett Daffin Frappier Teder & Weiss, LLP ("Barrett Daffin") filed this interpleader action in the Superior Court for the County of San Mateo to resolve competing claims to the surplus funds resulting from a non-judicial foreclosure sale of real property in Foster City, California. In March, Barrett Daffin's motion for attorney fees and costs from interpleaded funds was denied without prejudice, as the United States suggested the motion was simply premature given it had not yet been determined whether Defendant Ray Yeganeh's claim to interpleaded funds was superior to the United States' federal tax lien. In July, Yeganeh and the United States stipulated that Yeganeh's judgment lien does indeed have priority over the United States' federal tax lien. Dkt. 53, at 3. Thus, Barrett Daffin's motion for attorney fees and costs is no longer premature. This motion is suitable for disposition without oral argument, and the motion hearing set for October 5, 2023, is vacated. *See* Civ. L.R. 7-1(b). For the reasons below, Barrett Daffin is entitled to attorney fees and costs from the portion of the interpleaded funds owing to Yeganeh in the amount of $2,604.18.

In an interpleader action, a court has discretion to award attorney fees and costs to the stakeholder when doing so is fair and equitable.[1] *See, e.g.*, *Trustees of Directors Guild of America-Producer Pension Plans v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000); *Island Title Corp. v. Bundy*, 488 F. Supp. 2d 1084, 1093–94 (D. Haw. 2007) (same). The rationale for such awards rests on the need to compensate a faultless stakeholder "in possession of a fund claimed by contending parties" that otherwise would have to bear its own costs. *South Adams Savings Bank v. Martel*, 540 F. Supp. 2d 265, 268 (D. Mass. 2008).[2] By the same token, a bank cannot recover attorney fees from an interpleaded fund created following a foreclosure sale if that recovery would "deplete the fund prior to total satisfaction" of the government's lien. *Abex Corp. v. Ski's Enterprises*, 748 F.2d 513, 517 (9th Cir. 1984).

According to the stipulation filed by Yeganeh and the United States, $364,651.96 of interpleaded funds were deposited with the Court on March 22, 2023. Yeganeh claims $72,347.28 from the interpleaded funds, and the United States claims $748,745.16, attributed to its federal tax lien. Dkt. 53, at 2–3. Barrett Daffin seeks attorney fees and costs in the sum of $13,125.86.[3] Yeganeh does not contest the reasonableness of this sum.

If a trustee is entitled to its costs as a matter of fairness and equity but also cannot impinge on federal tax liens (which exceed the total value of interpleaded funds), what result? Where a claimant to an interpleaded fund has a superior claim to the United States, the claimant can be

---

[1] To the extent Barrett Daffin suggests California Civil Code § 2924k(b) mandates the distribution of interpleaded funds to a trustee, courts have declined to find this provision applicable to costs associated with bringing an interpleader action. *See, e.g.*, *Housekey Financial Corp. v. Hofer*, No. 00-cv-6054, 2001 WL 306664, at *5 (E.D. Cal. Feb. 12, 2001).

[2] Some courts have declined to exercise their discretion to award attorney fees and costs to stakeholders where those stakeholders "face multiple claims in the ordinary course of business." *Furia v. McGrew*, No. 19-cv-00942, 2020 WL 4208274, at *4 (E.D. Cal. July 22, 2020). But other courts have awarded costs when warranted regardless of whether the stakeholder was a repeat player in the interpleader arena. *See Fidelity Nat. Title Co. v. U.S. Small Bus. Admin.*, No. 13-cv-02030, 2014 WL 6390275, at *4–5 (E.D. Cal. Nov. 13, 2014); *Martel*, 540 F. Supp. 2d at 268, 273–74.

[3] This sum accounts for Barrett Daffin's originally claimed $12,513.36 in costs, see Dkt. 55, at 4, plus $612.50 for counsel's reply papers ($245/hour multiplied by 2.5 hours), see Dkt. 55-1, at 4.

United States District Court
Northern District of California

"charged a pro rata share of the interpleader stakeholder's attorney's fees and costs." *Bundy*, 488 F. Supp. 2d at 1094 (citing *United States v. Chapman*, 281 F.2d 862, 871 (10th Cir. 1960)); *see also Martel*, 540 F. Supp. 2d at 272 (similar). Yeganeh concedes this Court has discretion to award Barrett Daffin its fees and costs and take a pro rata share out of his claim to pay those fees and costs. Dkt. 57, at 1.

Yeganeh is entitled to approximately 19.84% of the interpleaded funds, and the United States is entitled to approximately 80.16% of the interpleaded funds.[4] Since Yeganeh is entitled to 19.84% of available funds, he is fairly responsible for 19.84% of Barrett Daffin's claimed attorney fees and costs ($13,125.86) which amounts to $2,604.18. Though $2,604.18 is a far cry from the attorney fees and costs Barrett Daffin requests, this disparity is the unfortunate consequence of two facts: (1) Yeganeh's claim is a relatively small percentage of the combined value of the claims against the interpleaded funds and (2) the funds to which the federal government is entitled after Yeganeh's superior claim is satisfied may not be reduced to cover attorney fees and costs.

Thus, while Barrett Daffin is not entitled to the full amount it seeks, it is entitled to $2,604.18 from Yeganeh's claim. The interpleaded funds are to be distributed first to Yeganeh to satisfy his lien, minus the $2,604.18 owed to Plaintiff, and then to the United States. This distribution of funds will not impinge on the federal tax lien. The parties have stated this motion constitutes the sole remaining issue before the Court. Accordingly, the parties are directed to take appropriate steps to effectuate a final disposition of this case.

---

[4] These percentages are calculated by dividing Yeganeh's outstanding lien amount by the value of the interpleaded funds. As a matter of equity, it makes sense for Yeganeh to bear a share of Barrett Daffin's claimed fees and costs proportionate to his claim on the interpleaded fund. This approach closely tracks (percentage-wise) the district court's determination in *Bundy* of the superior claimant's fair share of attorney fees and costs. *See* 488 F. Supp. 2d at 1096.

1   **IT IS SO ORDERED**.

3   Dated: September 19, 2023

_____
RICHARD SEEBORG
Chief United States District Judge